# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                                                     **No. 4:20-CR-254-DPM**

**OTHELLO LAMAR JOHNSON JR.**


## REPORT AND RECOMMENDATION

**I.     Procedures for Filing Objections**

This Report and Recommendation has been sent to Chief Judge D.P. Marshall Jr. Parties may file objections if they disagree with the findings or conclusions set out in this Report and Recommendation. To properly object to a finding or recommendation, a party must specifically identify the finding or conclusion believed to be erroneous and explain why the party believes it to be in error.

To be considered, objections must be filed within 14 days. Parties who fail to file objections within the time allowed risk waiving the right to later contest the findings and conclusions set out below.

**II.    Findings of Fact**

On December 2, 2022, Defendant Othello Lamar Johnson appeared with his lawyer William Howard, Jr. to enter a plea of guilty to the offense of Possession of a Firearm by a Felon, a violation of Title 18 U.S.C. Section 922(g)(1), as charged

in the indictment.[1] Mr. Johnson consented to having a magistrate judge preside over the change-of-plea hearing upon the recommendation of his lawyer. Assistant United States Attorney Jana Harris, appearing on behalf of the government, also consented.

At the hearing, Mr. Johnson acknowledged having had meaningful conversations with his lawyer about his constitutional rights, the charge against him in the indictment, the sentencing guidelines, the possible penalties at stake, and the terms of the parties' plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(B). Mr. Johnson affirmed his satisfaction with Mr. Howard's representation and work on this case.

Before entering his guilty plea, Mr. Johnson acknowledged the possible criminal penalties that will result from pleading guilty, specifically: a prison sentence of not more than 10 years; a fine of not more than $250,000; a term of supervised release not to exceed 3 years; and a special penalty assessment of $100. Mr. Johnson acknowledged that the sentence to be imposed is solely Chief Judge Marshall's decision, notwithstanding the parties' stipulations in the plea agreement.

---

[1] Chief United States District Judge D.P. Marshall Jr., the presiding district judge in this case, referred this Defendant's change-of-plea hearing to me for a report and recommendation. *Doc. 33*.

At the hearing, Mr. Johnson expressed his understanding that, by pleading guilty to the indictment, he is giving up many of his constitutional and other federally protected rights, including: the right to a trial by jury; the right to remain silent; the right to compel witnesses to testify on his behalf; the right to cross-examine (through counsel) witnesses against him; and the right to appeal or attack his conviction and sentence, in most circumstances.

Mr. Johnson confirmed that he is pleading guilty to the crime of Possession of a Firearm by a Felon because he is actually guilty of that crime. Specifically, he admitted that, in August of 2019, in the Eastern District of Arkansas, he knowingly possessed a firearm that he knew he was prohibited from possessing due to his previous felony convictions. The parties agreed that the firearm Mr. Johnson possessed was transported across state lines and, therefore, affected interstate commerce.

Mr. Howard concurred in Mr. Johnson's decision to plead guilty to Possession of a Firearm by a Felon. Mr. Howard stated that, in his opinion, Mr. Johnson is fully competent to enter a guilty plea and that Mr. Johnson's decision to plead guilty is made voluntarily, with full knowledge of the consequences.

Considering Mr. Johnson's demeanor at the hearing, his responses to my questions, and his admissions in open court, I find that he is competent to enter a knowing and voluntary plea of guilty. I further find that Mr. Johnson's guilty plea

is supported by an independent basis in fact as to each essential element of the offense of Possession of a Firearm by a Felon, as charged in the indictment.

## III.  Recommendations

Based on the record in this case and all attendant circumstances, I recommend that Chief Judge Marshall accept Othello Lamar Johnson's plea of guilty to the crime of Possession of a Firearm by a Felon in violation of Title 18 U.S.C. Section 922(g)(1) and adjudge Defendant Johnson guilty of that offense. I further recommend that Chief Judge approve the parties' plea agreement as a reasonable resolution to this case.

DATED this 2nd day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE